# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF FLORIDA

WHEEL PROS, LLC, a Delaware limited liability company,

         Plaintiff,

    v.

STARR WHEEL GROUP, INC. a Florida corporation,

         Defendant.

## 10-CV-60269-Ungaro-Simonton

Case No. _____

**COMPLAINT**

FILED by ___ *VT* ___ D.C.
ELECTRONIC

**Feb. 24, 2010**

STEVEN M. LARIMORE
CLERK U.S. DIST. CT.
S.D. OF FLA. · MIAMI

## COMPLAINT

Plaintiff Wheel Pros, LLC ("Wheel Pros" or "Plaintiff"), by its attorneys, as and for its Complaint against Defendant Starr Wheel Group, Inc. ("Defendant"), alleges as follows:

### NATURE OF THE ACTION

1.    This is an action at law and equity for common law trademark infringement and unfair competition under Section 43(a) of the Lanham Act, 15 U.S.C. § 1125(a), deceptive and unfair trade practices under Florida's Deceptive and Unfair and Trade Practices Act, Fla. Stat. §§ 501.201 et seq., and the common law.

2.    Wheel Pros brings this action for relief from Defendant Starr Wheel Group's infringement of Wheel Pros' trademark ROCKSTAR. The marks are used in association with aftermarket automotive wheels; which are wheels for cars and trucks that replace the factory-issued wheels. Aftermarket wheels such as those at issue are generally more stylish than factory wheels. The wheels allow customers to customize the look and/or enhance the performance of their vehicles.

3.     Defendant adopted and is using the virtually identical mark ROCKSTARR for its own aftermarket automotive wheels.

4.     Defendant's use of ROCKSTARR is likely to confuse – and indeed has confused – consumers as to the source of Defendant's ROCKSTARR wheels, or as to whether there is any sponsorship by Wheel Pros, or as to whether there is any affiliation between Wheel Pros and Defendant, when there is not.  As a result of Defendant's activities, there is evidence of actual confusion by at least one consumer who returned Defendant's ROCKSTARR branded wheels to Wheel Pros seeking a refund.

## PARTIES

5.     Wheel Pros is a Delaware limited liability company with a place of business at 44 Union Boulevard, Suite 620, Lakewood, Colorado 80228.  Wheel Pros designs, distributes, and sells aftermarket automotive wheels under the trademark ROCKSTAR.

6.     Defendant is a Florida corporation, with its principal place of business at 2205 NW 30th Place, Pompano Beach, FL 33069.

## JURISDICTION AND VENUE

7.     This Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 1331 and 1338, and pursuant to 28 U.S.C. § 1367, and the doctrine of supplemental jurisdiction.

8.     This Court has personal jurisdiction over Defendant because Defendant is a Florida corporation with a principal place of business located in the State of Florida.

9.     Venue is proper in this District pursuant to 28 U.S.C. §§ 1391(b) and (c).

## FACTS COMMON TO ALL COUNTS

## Wheel Pros' Wheels and Its Rights in the Trademark ROCKSTAR

10.     Wheel Pros is a leading world-wide seller of aftermarket automotive wheels.

2

11.     Since 1996, Wheel Pros has designed, distributed, and sold aftermarket automotive wheels for use on a wide range of automobiles, including passenger cars and trucks, hot rods and "muscle cars", off-road vehicles, and motorsport vehicles.

12.     Wheel Pros distributes its wheels to hundreds of retail outlets and automobile dealers throughout the United States, including at Pep Boys, Discount Tire, and Tire Kingdom.

13.     Wheel Pros currently has over 22 warehouse distribution centers throughout the United States and over 8,000 dealers in its U.S. dealer network.

14.     One of Wheel Pros' most popular line of aftermarket automotive wheels is sold under its mark ROCKSTAR.  Since at least as early as 2004, Wheel Pros, through its predecessor in interest, has used the mark ROCKSTAR in commerce, including in the State of Florida, in association with its ROCKSTAR line of aftermarket automotive wheels.  For over five (5) years, Wheel Pros has extensively and continuously used and promoted its ROCKSTAR wheels.

15.     Sales of Wheel Pros' ROCKSTAR wheels are extensive.  Sold in all 50 states, the ROCKSTAR line of wheels is one of Wheel Pros' best sellers.

16.     Since introducing its first line of products sold under the ROCKSTAR mark, Wheel Pros, including its predecessor in interest, has expended substantial effort and expense to promote its ROCKSTAR wheels.  These efforts have been fruitful.  As a result of Wheel Pros' continuous and exclusive use of the ROCKSTAR mark, the mark enjoys wide public acceptance and association with Wheel Pros, and has come to be recognized widely and favorably as an indicator of the origin of Wheel Pros' goods.

3

17.     As a result of Wheel Pros' activities under the ROCKSTAR mark, Wheel Pros has built up and now owns valuable goodwill symbolized by the ROCKSTAR mark.  As a result, the ROCKSTAR mark has become well and favorably known to the relevant public and has been and is associated with Wheel Pros.  The ROCKSTAR mark is and has been well known and well regarded since prior to any conduct of Defendant complained of herein.

18.     Through its websites at www.wheelpros.com and www.kmcwheels.com (the "Wheel Pros Websites") Wheel Pros enables consumers to select specific aftermarket automotive wheels, parts and accessories, and identify local dealers who carry the products. Dealers and other authorized retailers can order products directly from the website.

19.     The Wheel Pros Websites have a unique overall look and feel that evoke a hip, rugged, and stylish impression.

### Defendant's Infringing Use of "ROCKSTARR" to Sell Competing Wheels

20.     Defendant offers aftermarket automotive wheels in direct competition with Wheel Pros.

21.     Defendant's products are available for purchase in the United States, including Florida, via its distribution channels and the Internet.

22.     On information and belief, in or about 2009, subsequent to Wheel Pros' first use of, and acquisition of rights in, the mark ROCKSTAR, Defendant adopted and began using the mark ROCKSTARR in association with aftermarket automotive wheels.

23.     On information and belief, Defendant was aware of Wheel Pros' rights in the ROCKSTAR mark when it launched its products sold under the ROCKSTARR mark.

24.     On information and belief, Defendant intentionally selected and used the ROCKSTARR mark to capitalize on the goodwill associated with Wheel Pros' ROCKSTAR mark.

4

25.     The goods distributed, offered for sale, and sold by Defendant under the ROCKSTARR mark are not manufactured by Wheel Pros, nor is Defendant associated or connected with Wheel Pros, nor licensed, authorized, sponsored, endorsed, or approved by Wheel Pros in any way.

26.     Wheel Pros has used the ROCKSTAR mark extensively and continuously since long before Defendant began using the ROCKSTARR mark.

27.     The goods sold by Defendant under the mark ROCKSTARR are aftermarket automotive wheels, and are identical and related to the aftermarket automotive wheels sold by Wheel Pros, and are sold through overlapping channels of trade and advertised through overlapping channels of advertising.

28.     Defendant promotes and offers for sale its products at its website located at www.starrwheelgroup.com ("Defendant's Website").

29.     Defendant's Website, like Wheel Pros Websites, evoke a hip, rugged, and stylish impression.

## Defendant's Use of ROCKSTARR for Wheels Has Resulted in Actual Confusion in the Marketplace

30.     As a result of Defendant's use of the ROCKSTARR mark in association with aftermarket automotive wheels, Wheel Pros has evidence that at least one consumer has experienced actual confusion in the marketplace.

31.     Wheel Pros received from a consumer Defendant's ROCKSTARR branded wheels.

32.     The consumer returned the Defendant's ROCKSTARR branded wheels to Wheels Pros seeking to be refunded for the purchase.

33.     The products received by Wheel Pros from the consumer were not from Wheel Pros.

34.     On information and belief, the consumer who purchased Defendant's products and returned them to Wheel Pros did so under the mistaken impression that he or she was purchasing Wheel Pros' ROCKSTAR wheels. Dissatisfied with the products purchased, the consumer attempted to return the wheels to the manufacturer for a refund, which he or she erroneously concluded to be Wheel Pros.

## Defendant Refused to Comply with Wheel Pros' Request to Cease Use of the Mark

35.     Immediately upon learning of Defendant's activities, on August 6, 2009, Wheel Pros sent to Defendant via Federal Express and facsimile a formal notification of its rights and demanded that Defendant cease use of the mark ROCKSTARR. A true and correct copy of the correspondence sent to Defendant is attached hereto as Exhibit A.

36.     Following delivery of the facsimile, Defendant refused delivery of the August 6, 2009 letter sent by Federal Express.

37.     On December 4, 2009, Wheel Pros sent to Defendant a second letter renewing its demand that Defendant cease use of the mark ROCKSTARR, and alerting Defendant that there had been instances of actual confusion whereby Wheel Pros received returns of the Defendant's ROCKSTARR wheels from third parties who mistakenly believed the wheels were sold by Wheel Pros. A true and correct copy of the correspondence sent to Defendant is attached hereto as Exhibit B.

38.     On January 11, 2010, counsel for Defendant responded to the December 4, 2009 letter by telephone and requested background information about Wheel Pros trademark, and its own infringing product.

6

39.     As requested by Defendant, Wheel Pros forwarded its original letter to counsel for Defendant with additional materials identifying Defendant's infringement.

40.     On January 25, 2010, counsel for Defendant informed Wheel Pros that his client declined to stop production of his product.

41.     On February 4, 2010, litigation counsel for Wheel Pros sent a final letter to Defendant's counsel renewing its demand that Defendant cease use of the ROCKSTARR mark.  A true and correct copy of the correspondence sent to Defendant is attached as Exhibit C.

42.     To date, Wheel Pros has received no response to its February 4, 2010 letter.

## FIRST CLAIM FOR RELIEF
### (Common Law Trademark Infringement)

43.     Wheel Pros repeats and re-alleges the allegations of paragraphs 1 through 42 above, as though fully set forth herein.

44.     Wheel Pros' prior and continuous use of the ROCKSTAR mark have made the ROCKSTAR mark a source identifier for Wheel Pros' goods, services, and business.

45.     Wheel Pros' ROCKSTAR mark is inherently distinctive of the goods, services, and business of Wheel Pros.

46.     The ROCKSTAR mark has acquired distinctiveness by virtue of the nature and extent of Wheel Pros' use and promotion of the ROCKSTAR mark.

47.     Defendant's use of the ROCKSTARR mark, which incorporates Wheel Pros ROCKSTAR mark in its entirety, is likely to cause confusion, deception, and mistake by creating the false and misleading impression that Defendant's ROCKSTARR wheels are manufactured, distributed and sold by Wheel Pros, or associated or connected with Wheel Pros, or have the sponsorship, endorsement, or approval of Wheel Pros.

7

48.     Defendant's use of the ROCKSTARR mark for aftermarket automotive wheels is confusingly similar to Wheel Pros' mark ROCKSTAR for aftermarket automotive wheels, in violation of 15 U.S.C. § 1125(a), and Defendant's activities have caused and unless enjoined by this Court will continue to cause a likelihood of confusion and deception to consumers, and will additionally cause injury to Wheel Pro's goodwill and reputation as symbolized by the mark ROCKSTAR, for which Wheel Pros has no adequate remedy at law.

49.     On information and belief, Defendant's activities are willful.

50.     Upon information and belief, Defendant has continued to use the ROCKSTARR mark, even knowing of Wheel Pros' prior rights in the confusingly similar ROCKSTAR mark.

51.     Defendant's conduct described herein has actually deceived customers as to the true nature of Defendant and its business and has actually confused consumers into thinking that Defendant's products are sponsored, authorized, licensed by or are otherwise connected or affiliated with Wheel Pros, or come from the same source as Wheel Pros' aftermarket automotive wheels.

52.     As a direct and proximate result of Defendant's actions alleged herein, Wheel Pros has been damaged and will continue to be damaged.

53.     Further, as a result of Defendant's conduct described above, Wheel Pros has sustained and will sustain irreparable injury for which no adequate remedy at law exists.

54.     Defendant's acts set forth above constitute trademark infringement in violation of Section 43(a) of the Lanham Act, 15 U.S.C. § 1125(a).

55.     Wheel Pros has notified Defendant of its trademark rights and has requested that Defendant cease use of its mark. Defendant has refused to do so. At least since

receipt of Wheel Pros' demand letters, Defendant's acts of trademark infringement have been and continue to be deliberate, willful and/or reckless, making this an exceptional case within the meaning of 15 U.S.C. § 1117.

## SECOND CLAIM FOR RELIEF
### (Unfair Competition)

56.     Wheel Pros repeats and re-alleges the allegations of paragraphs 1 through 55 above, as though fully set forth herein.

57.     Wheel Pros' prior and continuous use of the ROCKSTAR mark have made the ROCKSTAR mark a source identifier for Wheel Pros' goods, services, and business.

58.     Wheel Pros' ROCKSTAR mark is inherently distinctive of the goods, services, and business of Wheel Pros.

59.     The ROCKSTAR mark has acquired distinctiveness by virtue of the nature and extent of Wheel Pros' use and promotion of the ROCKSTAR mark.

60.     Defendant's use of the ROCKSTARR mark is a confusingly similar imitation of Wheel Pros' ROCKSTARR mark, and constitutes a false designation of origin and has caused and is likely to cause confusion, deception, and mistake by creating the false and misleading impression that Defendant's goods offered under the ROCKSTARR mark are manufactured or distributed by Wheel Pros, or associated or connected with Wheel Pros, or have the sponsorship, endorsement, or approval of Wheel Pros in violation of Section 43(a) of the Lanham Act, 15 U.S.C. § 1125(a).

61.     On information and belief, Defendant's activities are willful.

62.     Defendant's conduct described herein has actually deceived customers as to the true nature of Defendant and its business and has confused consumers into thinking that Defendant's products are sponsored, authorized, licensed by or are otherwise connected or

affiliated with Wheel Pros, or come from the same source as Wheel Pros' aftermarket automotive wheels.

63.    As a direct and proximate result of Defendant's actions alleged herein, Wheel Pros has been damaged and will continue to be damaged.

64.    Further, as a result of Defendant's conduct described above, Wheel Pros has sustained and will sustain irreparable injury for which no adequate remedy at law exists.

65.    Defendant's acts set forth above constitute unfair competition in violation of Section 43(a) of the Lanham Act, 15 U.S.C. § 1125(a).

66.    Wheel Pros has notified Defendant of its trademark rights and has requested that Defendant cease use of its mark.  Defendant has refused to do so.  At least since receipt of Wheel Pros' demand letters, Defendant's acts of trademark infringement have been and continue to be deliberate, willful and/or reckless, making this an exceptional case within the meaning of 15 U.S.C. § 1117.

## THIRD CLAIM FOR RELIEF
### (Florida Deceptive and Unfair Trade Practices)

67.    Wheel Pros repeats and re-alleges paragraphs 1 through 66 as though fully set forth herein.

68.    Wheel Pros and Defendant are competitors in the market for selling aftermarket automotive wheels and both do so through distribution networks and the use of the Internet.  Defendant transacts business in the State of Florida, and advertises its goods and services in the State of Florida through the use of, inter alia, the Internet and direct marketing collateral.

69.    Defendant's actions are contrary to fair and honest commercial practices in the marketplace.  Such actions have already deceived customers as to the true nature of

ROCKSTARR wheels and have confused consumers into thinking that Defendant's goods and services are sponsored, authorized, licensed by or are otherwise connected or affiliated with Wheel Pros, or come from the same source as Wheel Pros' aftermarket automotive wheels.

70.     Upon information and belief, such actions are likely to continue to deceive customers as to the true nature of ROCKSTARR wheels and Defendant's business and are likely to continue to confuse consumers into thinking that Defendant's goods and services are sponsored, authorized, licensed by or are otherwise connected or affiliated with Wheel Pros, or come from the same source as Wheel Pros' aftermarket automotive wheels.

71.     Defendant has willfully and intentionally committed these unlawful acts in violation of the Florida Deceptive and Unfair Trade Practices Act, § 501.201 et seq.

72.     As a direct and proximate result of Defendant's conduct, Wheel Pros has sustained and will continue to sustain substantial damages.

73.     Further, as a result of Defendant's conduct described above, Wheel Pros has sustained and will sustain irreparable injury for which no adequate remedy at law exists.

### **PRAYER FOR RELIEF**

**WHEREFORE**, Wheel Pros prays for judgment against Defendant as follows:

1.     A permanent injunction prohibiting and enjoining Defendant, its officers, directors, agents, servants, employees, subsidiaries, affiliates, assigns and licensees, and anyone in active concert or participation with any of them, from:

(a)     using the mark ROCKSTAR in any manner or form, in any spelling variants, alone or with other terms, on or in connection with the promotion, sale, advertisement, merchandising, display, or sponsorship of any wheel product or related product, and from otherwise competing unfairly with Wheel Pros; and

11

(b)     performing any other acts that are likely to lead the public to believe that products sold or offered for sale by Defendant are in any manner licensed, sponsored, or authorized by Wheel Pros.

2.     Defendant be ordered to recall all products or material bearing the marks ROCKSTARR or any confusingly similar variation thereof, which have been shipped by Defendant or under their authority, to any customer, including without limitation, to any wholesaler, distributor, retailer, consigner, or marketer, and also deliver to each customer a copy of this Court's Order as it relates to said injunctive relief.

3.     Defendant be ordered to account for and pay over to Wheel Pros all gains, profits and advantages derived from Defendant's wrongful acts.

4.     An Order awarding the following:

(a)     compensatory damages in an amount to be proven at trial or applicable statutory damages;

(b)     the costs and disbursements of this action;

(c)     reasonable attorneys' fees;

(d)     treble damages;

(e)     punitive damages; and

(f)     such other and further relief as the Court deems just and proper.

## Jury Trial Demand

Wheel Pros respectfully demands a trial by jury on all issues so triable.

Respectfully submitted,

Dated: 2|22|10

Larry M. Roth
Florida Bar No. 208116
LAW OFFICES OF LARRY M. ROTH, P.A.
1615 Edgewater Drive, Suite 180
Orlando, FL 32804
Tel:      407-872-2239
Fax:      407-872-6927
E-mail:   lroth@roth-law.com
          ndispirito@roth-law.com

*-and-*

Lynn E. Rzonca
Troy E. Larson
BALLARD SPAHR LLP
1735 Market Street, 51st Floor
Philadelphia, PA 19103
Tel:      215-864-8109
Fax:      215-864-8999
E-mail:   rzoncal@ballardspahr.com

*Attorneys for Plaintiff Wheel Pros, LLC.*

13

# EXHIBIT A

*Platinum Equity*

MERGERS. ACQUISITIONS. OPERATIONS.℠

August 6, 2009

**VIA FACSIMILE 954.935.5540, 330.538.9641**
**& FEDERAL EXPRESS**

Starr Wheel Group
2207 NW 30TH Place
Pompano Beach, Florida 33069
Attention: Mr. Todd Starr, CEO

Starr Wheel Group
2887 N. Salem Warren Rd.
Warren, OH 44481
Attention: Mr. Todd Starr, CEO

Re:     **Infringement of Wheel Pros, LLC Rockstar™ Trademarks**

Dear Mr. Starr:

  I represent Wheel Pros, LLC (the "Company"), which, as you are probably aware, is in the business of selling and distributing aftermarket wheels and accessories and related products. The Company is the owner of the trademark, Rockstar™ , which has been used by the Company in commerce for several years. In addition, the Company has two pending trademark applications with the United States Patent and Trademark Office for Rockstar by KMC™ in International Class 12 for wheels and similar goods (Serial No. 78/513120) and in International Class 25 for apparel (Serial No. 78/513133). The Rockstar™ family of trademarks is a valuable component of the Company's business.

  It has come to the Company's attention that the Starr Wheel Group or an affiliate (the "Starr Wheel Group") is using "Rockstarr" and variations thereof to market various lines of wheels, including, without limitation, on its website, www.starrwheelgroup.com. Such use by the Starr Wheel Group not only causes confusion in the marketplace, which does not benefit either company, but it infringes upon the Company's trademark rights in violation of applicable law, including, without limitation, the federal Lanham Act and the common law of the various states.

  Accordingly, we are hereby requesting that the Starr Wheel Group promptly (i) initiate steps to cease and desist its use of "Rockstarr" and variations thereof and (ii) provide the Company with a written commitment regarding the same. Please contact me on **or by August 17, 2009** at 310.228.9473 so that we may discuss a timetable for this process.

Telephone 310.712.1850  Facsimile 310.712.1848

360 North Crescent Drive, South Building, Beverly Hills, CA 90210
www.platinumequity.com    Los Angeles  New York  Boston  London

Starr Wheel Group
Aug. 6, 2009
Page 2 of 2

While the Company prefers to resolve this matter amicably, it is a policy and practice of the Company to safeguard and vigorously protect its intellectual property rights, and nothing contained herein shall be deemed or construed as a waiver or relinquishment of any legal or equitable right or remedy of the Company or any of its affiliates, all of which are expressly reserved hereby.

Sincerely,

Barbara Velasco, Esq.
Assistant General Counsel

# EXHIBIT B

*Platinum Equity*

MERGERS. ACQUISITIONS. OPERATIONS.℠

December 4, 2009

**VIA FACSIMILE 954.935.5540, 330.538.9641**
**& FEDERAL EXPRESS**

Starr Wheel Group
2207 NW 30TH Place
Pompano Beach, Florida 33069
Attention: Mr. Todd Starr, CEO

Starr Wheel Group
2887 N. Salem Warren Rd.
Warren, OH 44481
Attention: Mr. Todd Starr, CEO

> Re:   **Second Letter Regarding Infringement of**
>        **Wheel Pros, LLC Rockstar™ Trademarks**

Dear Mr. Starr:

As you know from my prior letter to you dated August 6, 2009 (my "prior letter"), I represent Wheel Pros, LLC (the "Company"), which, as you know, is in the business of selling and distributing aftermarket wheels and accessories and related products. The Company is the owner of the trademark, Rockstar™, which has been used by the Company in commerce for several years. In addition, the Company has two pending trademark applications with the United States Patent and Trademark Office for Rockstar by KMC™ in International Class 12 for wheels and similar goods (Serial No. 78/513120) and in International Class 25 for apparel (Serial No. 78/513133). The Rockstar™ family of trademarks is a valuable component of the Company's business.

As I stated in my prior letter, it has come to the Company's attention that the Starr Wheel Group or an affiliate (the "Starr Wheel Group") is using "Rockstarr" and variations thereof to market various lines of wheels, including, without limitation, on its website, www.starrwheelgroup.com. Further, it has come to the Company's attention that the Starr Wheel Group has continued such infringing use, including, without limitation, on its wheel boxes. Such use by the Starr Wheel Group not only causes confusion in the marketplace but it infringes upon the Company's trademark rights in violation of applicable law, including, without limitation, the federal Lanham Act and the common law of the various states. In fact, as clear evidence of such

Starr Wheel Group
Dec. 4, 2009
Page 2 of 2

consumer confusion, the Company has received returns of the Starr Wheel Group's "Rockstarr" wheels from third parties who mistakenly believed the wheels were sold by the Company.

Accordingly, we are hereby demand that the Starr Wheel Group promptly (i) initiate steps to cease and desist its use of "Rockstarr" and variations thereof and (ii) provide the Company with a written commitment regarding the same. Please contact me on or by **December 11, 2009** at 310.228.9473 so that we may discuss a timetable for this process.

While the Company prefers to resolve this matter amicably, it has a policy and practice of vigorously protecting its intellectual property. Therefore, if you fail to contact me by **December 11, 2009** as I have requested in the immediately preceding paragraph, the Company will have no choice but to promptly pursue all legal rights and remedies available to it.

Nothing contained herein shall be deemed or construed as a waiver or relinquishment of any legal or equitable right or remedy of the Company or any of its affiliates, all of which are expressly reserved hereby.

Sincerely,

Barbara Velasco, Esq.
Assistant General Counsel

cc:     Jody Groce
        Randy White
        Kevin Fitzgerald
        Troy Larson, Esq.

# EXHIBIT C

# Ballard Spahr
LLP

1735 Market Street, 51st Floor
Philadelphia, PA 19103-7599
TEL 215.665.8500
FAX 215.864.8999
www.ballardspahr.com

Troy E. Larson
Direct: 215.864.8263
Fax: 215.864.9017
larsont@ballardspahr.com

February 4, 2010

*By Federal Express*

Dennis P. Fitzsimons, Esq.
Boornazian, Jensen & Garthe
555 12th Street, Suite 1800
Oakland, CA 94607

Re:   Infringement of Wheel Pros, LLC's ROCKSTAR Trademark

Dear Mr. Fitzsimons:

We are litigation counsel for Wheel Pros, LLC ("Wheel Pros"). The matter concerning Starr Wheel Group Inc.'s ("Starr Wheel Group") unlawful use of the ROCKSTARR trademark has now been referred to us.

We understand that Wheel Pros has demanded that Starr Wheel Group promptly (i) cease and desist its use of ROCKSTARR and variations thereof; and (ii) provide Wheel Pros with a written commitment regarding the same. To date, Starr Wheel Group has failed to comply with Wheel Pros' demand, and instead has requested materials regarding Wheel Pros' use of the ROCKSTAR mark.

As you know, Wheel Pros is a leading distributer of custom aftermarket wheels, performance tires, and related accessories for cars, sport utility vehicles, and light trucks. Wheel Pros' products and services are available world wide through its extensive international dealer network.

Wheel Pros is a well-established company that has used its ROCKSTAR mark in association with its high quality wheels since at least as early as 2004. Wheel Pros has earned a far-reaching reputation for its products and services under its ROCKSTAR Mark.

As a result of Wheel Pros' efforts and its success in the foregoing activities, the ROCKSTAR Mark is well-known and qualifies for the highest level of protection under U.S. trademark law. *See* 15 U.S.C. §§ 1051, 1125 (a) & (c).

Any person who is exposed to Starr Wheel Group's use of ROCKSTARR in connection with after-market wheels for automobiles is likely to be confused and falsely believe that Starr Wheel Group and/or its products and services are sponsored by or affiliated with Wheel Pros, or that there exists a relationship between Starr Wheel Group and Wheel Pros. Your contention that Wheel Pros' wheels and Starr Wheel Group's wheels may be used on different types of automobiles does nothing to obviate this likelihood of confusion.

DMEAST #12181650 v1

Atlanta | Baltimore | Bethesda | Denver | Las Vegas | Los Angeles | New Jersey | Philadelphia | Phoenix | Salt Lake City | Washington, DC | Wilmington

Dennis P. Fitzsimons, Esq.
February 4, 2010
Page 2

Indeed, as Ms. Velasco stated in her December 4, 2009 letter, there have already been several instances of actual confusion by consumers, including consumers returning your client's product to Wheel Pros.

Accordingly, Starr Wheel Group's use of ROCKSTARR constitutes an infringement of the ROCKSTAR Mark, a false designation of origin, a form of false advertising and unfair competition—all actionable under state law and under the federal Lanham Act, 15 U.S.C. § 1125 (a) and (c).

Among other available remedies, the Lanham Act provides for the recovery of damages consisting of Starr Wheel Group's profits, damages sustained by Wheel Pros, and the costs of legal action. *See* 15 U.S.C. § 1117(a). And, where the infringement is willful, the foregoing damage award can be trebled. *Id.* State laws provide for similar damages and remedies.

Accordingly, we renew Wheel Pros' demand that:

(1) Starr Wheel Group immediately initiate steps to cease and desist all use of the ROCKSTARR mark;

(2) Starr Wheel Group confirm in writing that neither it or anyone acting on its behalf will make any further use of ROCKSTAR, ROCKSTARR, or any similar variation thereof as a mark or name, or as a component of a mark or name; and

(3) Starr Wheel Group provide a full accounting of all revenues generated since it began use of ROCKSTARR.

If we do not hear from you by **February 11, 2010**, we will advise our client to pursue its rights and remedies to the fullest extent permitted by law without further notice to you. The foregoing is without prejudice to our client's rights and nothing contained herein shall be deemed a waiver of any such rights, all of which are hereby expressly reserved.

Very truly yours,

Troy E. Larson

TEL/tel