UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 10-60269-CIV-UNGARO/SIMONTON

WHEEL PROS, LLC,

      Plaintiff,

v.

STARR WHEEL GROUP, INC.,

      Defendant.

_____/

## ORDER ON DISCOVERY MOTIONS

      Presently pending before the Court are Defendant's Motion to Compel Production of Federal Rule 30(b)(6) Witnesses for Deposition (DE # 32); Defendant's Motion to Compel Provision of Dates for Corporate Representative Depositions (DE # 36); Defendant's Motion to Compel Better Responses to Written Discovery (DE # 34); Plaintiff's Motion for Protective Order, Request for Stay, Request for Attorneys' Fees (DE # 42); Plaintiff's Motion to Compel Physical Inspection of the Premises and Inventory of Starr Wheel Group, Inc., and Request for Expedited Response (DE # 60); Plaintiff's Motion to Compel Better Responses to Requests to Produce and to Overrule Objections (DE # 63); and Plaintiff's Motion to Compel Better Requests to Produce and to Overrule Objections (DE # 65).[1]  The Parties have filed their respective responses to the Motions (DE ## 38, 53, 54, 55, 70, 71). The Motions have been referred to the undersigned Magistrate Judge (DE ## 33, 35, 46, 61, 66, 69).  A hearing was held on the all of the

---

[1] On September 15, 2010, the Parties also filed a Joint Motion for Stipulated Protective Order related to certain discovery matters (DE # 62).  That Motion was also referred to the undersigned (DE # 66), and granted on September 16, 2010 (DE # 68). Thus, to the extent any discovery issues raised by the Parties related to the confidentiality of materials produced during discovery, those issues are now moot.

Motions on September 15, 2010, excepting Plaintiff's Motion to Compel Physical Inspection of the Premises and Inventory of Starr Wheel Group, Inc., and Request for Expedited Response (DE # 60) Plaintiff's Motion to Compel Better Responses to Requests to Produce and to Overrule Objections (DE # 63) and Plaintiff's Motion to Compel Better Requests to Produce and to Overrule Objections (DE # 65) which were filed just prior to the hearing, and had not yet been responded to by Defendant.  At the hearing, the undersigned ruled from the bench on the ripe pending Motions. This Order incorporates the rulings made at that hearing, and rules on any  remaining issues raised in those Motions.

I. **BACKGROUND**

This matter was initiated when Plaintiff Wheel Pros, LLC., ("Wheel Pros") filed a Three-Count Complaint alleging that Defendant Starr Wheel Group, Inc., ("Starr") violated certain federal trademark and infringement laws as well as the Florida Deceptive and Unfair Trade Practices Act, Fla. Stat. §§ 501.201 et seq.  Plaintiff, a distributor of wheels to retail outlets and automobile dealers, sells an aftermarket wheel under the mark ROCKSTAR.  Plaintiff alleges that Defendant, who is a direct competitor of Wheel Pros, began using the mark ROCKSTARR in association with an aftermarket automotive wheel (DE # 1 ¶¶ 21-22).  According to Plaintiff, Defendant knew of Plaintiff's use of the mark ROCKSTAR prior to developing ROCKSTARR and did so to intentionally capitalize on the goodwill associated with Wheel Pros' ROCKSTAR mark.  Wheel Pros alleges that Starr's use of the ROCKSTARR mark creates actual confusion in the market place.  In addition, Wheel Pros asserts that Starr has refused to cease using the confusing mark despite requests from the Plaintiff.  Plaintiff seeks a permanent injunction from the Court prohibiting the Defendant from using the ROCKSTARR mark and to discontinue

2

engaging in acts likely to mislead the public into believing that the ROCKSTARR product is authorized by Wheel Pros. Plaintiff also seeks compensatory and statutory damages, treble and punitive damages, and reasonable attorneys fees and costs associated with this action.

Defendant contends that its ROCKSTARR wheels name was derived from the surname of Starr's proprietor, Ray A. Starr, Jr. (DE # 34 at 2). In addition, Defendant asserts that there is no likelihood of confusion, even if the names of the wheels at issue are similar, due to the nature of the marketplace for aftermarket wheels. Specifically, Defendant contends that the name "ROCKSTAR" is not unique and/or distinctive in this marketplace since customers purchase wheels based upon the visualization of the wheel design in a catalog, rather than the name of the wheel; thus the customer's perception of the name is meaningless and there can be no likelihood of confusion with respect to the name assigned to a wheel.

The matter is set for the two week trial period commencing February 28, 2011 and the discovery deadline is November 12, 2010.

As stated above, on September 15, 2010, the undersigned held a hearing on the outstanding discovery motions, wherein the following rulings were made.

II. <u>PENDING MOTIONS</u>

A.    <u>Defendant's Motion to Compel Production of Federal Rule 30(b)(6)
      Witnesses for Deposition (DE # 32)</u>

In this Motion, Defendant sought to compel Plaintiff to designate one or more witnesses to provide deposition testimony on various topics, three of which remained at issue at the time of the hearing on the Motion. At the hearing, Plaintiff objected to the relevance of the following topics:

       1. Wheel Pros' use of advertising in all media formats since 2004;

       2.  The idea, creation and design of Wheel Pros' ROCKSTAR aftermarket wheel;

       3. Wheel Pros' yearly sales records and net income derived from the sale of aftermarket wheels in general since 2004.

Plaintiff's general argument is that Wheel Pros' brand lines other than the ROCKSTAR wheels line are not relevant to determining whether Defendant infringed upon that line and thus, information related to other lines sold or distributed by Plaintiff is not discoverable. (DE # 38).

In contrast, Defendant asserts that information related to other lines is relevant because such information may demonstrate the strength of Plaintiff's ROCKSTAR mark; the effect of Defendant's ROCKSTARR wheel on the Plaintiff's sales; whether Wheel Pros devotes substantial marketing efforts to its ROCKSTAR wheel promotions; and the consumers whom Plaintiff targets.

At the outset, for the reasons stated on the record at the hearing, the undersigned agrees with Plaintiff and has determined that generally discovery in this matter should be limited to Wheel Pros' ROCKSTAR brand of wheels and not include every line of after-market wheels or accessories that Wheel Pros sells, which by all accounts includes 236 different design styles and 24 different brands.

Accordingly, as ruled at the hearing, although Defendant is entitled to take the depositions of Plaintiff's corporate representatives, the scope of the inquiry permitted at those depositions is narrowed from the broad topics identified in Defendant's Re-Notice of Taking Deposition of Corporate Representative (DE # 32-1).   Thus, at the deposition of Plaintiff's corporate representative, questions regarding advertising shall be limited to advertising and marketing promotions for the ROCKSTAR Wheel line only, and not

extend to all of the after-market wheels sold by Wheel Pros.  Further, the undersigned has determined that the appropriate time frame for discovery and inquiry at the deposition related to the ROCKSTAR Wheel should be from 2006 forward, because the alleged infringement did not occur, according to Plaintiff's Complaint until 2009.  Thus, allowing discovery beginning in 2004, the year when the ROCKSTAR Wheel came on the market, would be too remote.

As to the issue regarding the design of ROCKSTAR Wheels, Defendant indicated at the hearing that it did not seek to have Plaintiff divulge the design of the wheel, but rather only sought to discover the origin of the wheel and specifically who developed and designed the wheel and how the name for the wheel was formulated.  In response, Plaintiff indicated that it did not object to inquiries of a corporate representative related to the selection of the name ROCKSTAR.  Thus, the undersigned ruled that Defendant could ask about the creation and inspiration for the brand name ROCKSTAR at the deposition of Plaintiff's corporate representative.

Finally, as to the issue regarding sales records, at the hearing, Plaintiff conceded that it intended to rely on a decrease in ROCKSTAR wheel sales to support its claim of damages.  Moreover, Plaintiff declined at the hearing to forego its right to have its damages claims demonstrated and/or calculated through the introduction of evidence related to a decrease in sales figures.  Thus, an evaluation of Plaintiff's overall sales and the effect of any alleged infringement by Defendant on those sales figures may be relevant and thus those figures are discoverable.  Stated another way, an expert for Defendant may need to examine Plaintiff's overall sales figures to determine whether any change in sales for the ROCKSTAR line are related to Defendant's alleged conduct or due to a change in overall sales for Wheel Pros, generally.  Thus, as stated on the record

at the hearing, Defendants may question Plaintiff's corporate representative at his/her deposition about overall sales and net income for all wheels, which would necessarily include sales for ROCKSTAR Wheels for the time period from 2006 to the present.

Accordingly, Defendant's Motion to Compel Production of Federal Rule 30(b)(6) Witnesses for Deposition (DE # 32); and, Defendant's Motion to Compel Provision of Dates for Corporate Representative Depositions (DE # 36) are GRANTED, in part. Plaintiff shall make the appropriate corporate representatives available for deposition by mid-October.  However, the topics shall be limited as set forth above, and the appropriate temporal scope is from 2006 until the present.[2]

      B.      <u>Defendant's Motion to Compel Better Responses to Written Discovery (DE # 34)</u>

In this Motion, Defendant sought  to compel the Plaintiff to provide better answers to five interrogatories (## 3, 4, 6, 8, 10) and four requests for production of documents (## 7, 11, 8, 4).  As noted at the hearing, the Requests for Production correspond to the Interrogatories and were therefore ruled upon in tandem with the corresponding Interrogatories.  At the hearing, the undersigned made the following rulings on Defendant's discovery requests which remained in dispute:

      1.      <u>Interrogatory No. 3:</u> List with specificity and particularity all forms of media in which you have advertised <u>any</u> of your aftermarket wheels since your initial placement of Rockstar wheels into the U.S. stream of commerce through the present.   Include in your response the type of media (print advertising, radio, advertising, television commercials, etc.), the specific source of advertising (list all trade

---

[2]  As discussed at the hearing, since Plaintiff argued for this limitation as to temporal scope, Plaintiff will be precluded from reliance on prior advertising to establish any element of its claims.  If Plaintiff decides to use advertising from 2004 to support its claims about the strength of the ROCKSTAR mark, the temporal scope of discovery must be similarly extended, and Plaintiff must make this decision prior to serving its discovery responses.

publications, radio stations, television networks, etc.), and the dates of use of such media.

For the reasons stated on the record at the hearing, and as discussed above, the undersigned determined that advertisement related to Wheel Pros' wheel lines other than the ROCKSTAR brand are not relevant to the claims raised by Plaintiff in this action. Specifically, at the hearing, Defendant argued that it needed advertising for all of Plaintiff's aftermarket wheels because the proportion of advertising spent on the ROCKSTAR wheel compared to other wheels is relevant to determine whether Plaintiff sought to create a market for the name ROCKSTAR.  However, although the amount of revenue spent on advertising ROCKSTAR may shed light on the issue of customer recognition based on the name, whether Wheel Pros sought to advertise other wheels by name as well is not relevant.  Accordingly, Plaintiff does not have to provide information related to advertising for Wheel Pros' aftermarket wheel brands or lines other than ROCKSTAR wheels.

2.    Interrogatory No. 4:  List with specificity all forms of media in which you have advertised your "Rockstar" aftermarket wheels since your initial placement of "Rockstar wheels" in the U.S. stream of commerce through the present.   Include in your response the type of media (print advertising, radio, advertising, television commercials, etc.), the specific source of advertising (list all trade publications, radio stations, television networks, etc.), and the dates of use of such media.

In the Motion and at the hearing, Defendant explained that although Plaintiff had produced the actual print advertisements for ROCKSTAR Wheels, Plaintiff failed to identify the publications where the advertisements appeared.  For the reasons stated on the record at the hearing, Plaintiffs shall identify the specific source and publication where the advertisements appeared including the name of the publication and the date that the ROCKSTAR advertisement appeared.  Plaintiff shall provide such information for

7

2006 until the present, unless as discussed previously in footnote 2 of this Order, Plaintiff intends to use advertising from 2004 to support its claims about the strength of the ROCKSTAR mark, in which case the temporal scope of discovery must be similarly extended.

   3.   **Interrogatory #6**:  Identify the names and locations of all distributors (see definitions) of any of your aftermarket wheels since your initial placement of "Rockstar" wheels into the U.S. stream of commerce through the present.  Include in your response the name of the distributors, the locations of the distributor, and the dates of distribution.

Plaintiff has objected to producing documents responsive to this request as irrelevant.  However, as stated at the hearing, the undersigned finds that given the nature of the allegations in this matter, the distributors and locations where ROCKSTAR Wheels are/were sold is relevant.  Accordingly, for the reasons stated on the record at the hearing, Plaintiff shall produce documents responsive to this request.  Specifically, Plaintiff shall produce a list of the distributors who sold ROCKSTAR Wheels between the years of 2006 through the present.

   4.   **Interrogatory  #8 (Request for Production # 8)**: For all aftermarket wheels for each year from 2004 to the present list: a. Your total sales revenue; b. Your net income.

As stated at the hearing, because Plaintiff seeks damages in this matter which may necessitate an evaluation of overall sales by Plaintiff and the effect of any alleged infringement on Plaintiff's products by Defendant, the overall sales figures of Plaintiff are relevant and discoverable.  Thus, for the reasons stated on the record at the hearing, Plaintiff shall produce documents responsive to this request for the time period of 2006 to the present.  However, the disclosure is limited to Defendant's attorney's eyes and Defendant's expert's eyes, only.  Prior to disclosure, Defendant shall identify and

disclose to Plaintiff the appropriate expert who will review the materials, and Plaintiff

may seek a protective order if it objects to the designated expert.

>  5. **Interrogatory # 10 (Request for Production # 4)**:  With regard to your allegations in Paragraphs 30-34 of the Complaint, state the name of the consumer whom you allege attempted to return a set of Starr Wheel Group Rockstarr wheels, and the address and contact information of the consumer.

In response to this Interrogatory and corresponding Request for Production,

Plaintiff stated that it would amend certain allegations in the Complaint after speaking

with its manager at the store referenced in paragraphs 30-34 of the Complaint.  However,

for the reasons stated on the record, Defendant is entitled to know the identity of

witnesses referred to in the Complaint.  Accordingly, Plaintiff must supplement its

response to these discovery requests and provide any documents or correspondence

regarding the incident referenced in the Complaint.

>  6. **Request for Production No. 11:** All documents depicting contracts or other agreements with any media outlet, including trade publications, radio, televisions, billboards, etc., for advertisement of your aftermarket wheels since you first placed "Rockstar" aftermarket wheels into the U.S. stream of commerce.

As discussed above, specific information about ROCKSTAR Wheels must be

disclosed by Plaintiff to Defendant.  However, as ruled at the hearing, because the

specific information sought related to advertisements will be produced, there is no need

for Plaintiff to produce contracts related the advertisements.  Rather, the production of

copies of the advertisements and information regarding when and it what publications

the advertisements appeared is sufficient to provide Defendant with information

regarding Plaintiff's marketing and advertisement of the ROCKSTAR Wheel.

Therefore, Defendant's Motion to Compel Better Responses to Written Discovery

is granted and Plaintiff is directed to provide supplemental responses and to produce

responsive documents as discussed above, on or before September 29, 2010.  However, as stated at the hearing, Defendants' request for attorneys' fees is denied.

   C.    **Plaintiff's Motion for Protective Order, Request for Stay, Request for Attorneys' Fees (DE # 42)**

In this Motion, Plaintiff requested that a protective order be issued and any depositions be stayed until the Court has ruled on the Motions to Compel and the Motion for Protective Order.  Defendant objected to this request. Plaintiff also requested attorney's fees associated with brining the motion.

As stated at the hearing on the Motions, this Motion is denied as moot, given that the Court has ruled that the Plaintiffs must produce corporate representatives for depositions by Mid-October.

   D.    **Plaintiff's Motion to Compel Physical Inspection of the Premises and Inventory of Starr Wheel Group, Inc., and Request for Expedited Response (DE # 60), Plaintiff's Motion to Compel Better Responses to Requests to Produce and to Overrule Objections (DE # 63); and Plaintiff's Motion to Compel Better Requests to Produce and to Overrule Objections (DE # 65)**

In this Motion, Plaintiff requested an Order from the Court to allow it to inspect the physical inventory and premises of Defendant's warehouses and/or facilities within the jurisdiction of the Southern District of Florida, and requests that the Defendant be ordered to not remove, destroy, spoil or alter any inventory except for in the regular course of business.  Plaintiff alleged that Starr Wheel has adamantly refused requests for inspection and has also not answered the discovery requests fully.  Plaintiff requested that the Defendant's response be shortened from 14 days to 5 days and that Plaintiff reply within 2 days from the Response.

As stated at the hearing, under the applicable Civil Rules, Defendant would normally have until September 30, 2010 to file a Response to the Motion.  However,

although Plaintiff failed to demonstrate the urgency for resolution of the motion or the need to require an expedited response from the Defendant, the undersigned ordered the Defendant to file a responses to the Motion for inspection on or before Friday, September 24, 2010.  Defendant's Counsel indicated that he would be able to file the response by that time. In addition, the undersigned ordered Defendant to file a response to Plaintiff's Motion to Compel Better Responses to Requests to Produce and to Overrule Objections (DE # 63) and Plaintiff's Motion to Compel Better Requests to Produce and to Overrule Objections (DE # 65), which were filed on September 14 and 15, 2010, respectively, on or before September 24, 2010.  Again, Counsel for Defendant stated that he would be able to comply with that directive.

III. <u>CONCLUSION</u>

Based upon the foregoing and upon a thorough review of the record, it is

**ORDERED AND ADJUDGED** that Defendant's Motion to Compel Production of Federal Rule 30(B)(6) Witnesses for Deposition (DE # 32); and Defendant's Motion to Compel Provision of Dates for Corporate Representative Depositions (DE # 36); are **GRANTED**, in part.  Plaintiff shall make appropriate corporate representatives available for deposition on or before October 15, 2010, or as mutually agreed to by the Parties.  It is further

**ORDERED AND ADJUDGED** that Defendant's Motion to Compel Better Responses to Written Discovery (DE # 34) is **GRANTED**.  Plaintiff shall provide supplemental responses to Defendant's Interrogatories and produce documents responsive to Defendant's Request for Production, consistent with this Order on or before September 29, 2010.  It is further

**ORDERED AND ADJUDGED** that Plaintiff's Motion for Protective Order, Request for Stay, Request for Attorneys' Fees (DE # 42) is **DENIED as moot**.  It is further

**ORDERED AND ADJUDGED** that Defendant's responses to Plaintiff's Motion to Compel Physical Inspection of the Premises and Inventory of Starr Wheel Group, Inc., and Request for Expedited Response (DE # 60), Plaintiff's Motion to Compel Better Responses to Requests to Produce and to Overrule Objections (DE # 63) and Plaintiff's Motion to Compel Better Requests to Produce and to Overrule Objections (DE # 65) are due on or before September 24, 2010.

**DONE AND ORDERED** in chambers in Miami, Florida on September 27, 2010.

_Andrea M. Simonton_

**ANDREA M. SIMONTON**
**UNITED STATES MAGISTRATE JUDGE**

Copies furnished via CM/ECF to:
The Honorable Ursula Ungaro
        United States District Judge
All counsel of record